Much testimony was offered to the jury and certified to this court, consisting of facts similar to the following: That the negro had one or more places of concealment on the land of the defendant and of declarations of the defendant that he could have taken the negro if he pleased, but that he would not do so because of the confidence that the slave reposed in him, offers by the defendant to purchase, etc.
His Honor instructed the jury "that if the evidence satisfied them that the defendant had fraudulently and secretly done any act to aid, countenance, and comfort the negro, knowing him to be a runaway, with a view to make it more easy and safe for him to stay out, or to make it more difficult for his owner to take him, as if he permitted him to make a cave or shelter, or camp upon his land, and to remain in it, and while there gave him his countenance, and informed him when it was safe to go, or when to stay, he was guilty. That it was not necessary to constitute the offense that the State should prove that the defendant had given the negro food, or drink, or clothing. That assistance, if (125) any was given, must, in order to make out the offense charged, be given secretly and clandestinely, and that by `secretly' was meant the doing the act in a way to prevent its being proven, and that it differed from assistance openly given under a claim of title or in an avowed disregard of the rights of the master, in the same way that stealing differed from trespass — the one being a recent taking so as not to let the owner know what had become of his property, or who had taken it — the other being a taking under a claim of title, or in open disregard of the rights of the owner, without attempting to conceal from him what had become of his property. That the assistance must also be given fraudulently; but that fraud would be implied if in point of fact the defendant knew the negro to be a runaway at the time of rendering such secret assistance."
The defendant was convicted and appealed. *Page 100 
We have examined the charge of the judge delivered to the jury in this case. We do not discover any error in it. The defendant appears to have been properly convicted under the act of Assembly (1 Rev. Stat., 209). This opinion will be certified to the Superior Court of Edgecombe, and that court will proceed to judgment, etc.
PER CURIAM. Judgment affirmed.
Cited: Young v. McDaniel, 50 N.C. 104.
(126)